# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1174V
Filed: February 18, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| COLT SANDERS, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza ("Flu") Vaccine; Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*John Robert Howie, Jr., Howie Law, P.C., Dallas, Texas, for petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 9, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on November 1, 2014. Petition at 1, ¶¶1-17. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 14, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation. On February 18, 2016, respondent filed a proffer on award of compensation ["Proffer"] stating petitioner should be awarded $93,246.15. Proffer at 1. In the Proffer, respondent represents that petitioner agrees with the proffered award.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $<u>93,246.15</u>, in the form of a check payable to petitioner, <u>Colt Sanders</u>.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____

COLT SANDERS,                                )
                                             )    **ECF**
                    Petitioner,              )
                                             )
            v.                               )    No. 15-1174V
                                             )    Chief Special Master
SECRETARY OF HEALTH AND HUMAN                )    Nora Beth Dorsey
SERVICES,                                    )
                                             )
                    Respondent.              )
_____      )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 14, 2016, the Chief Special Master issued an Entitlement Ruling in this

conceded SIRVA case.  Having reviewed petitioner's demand and supporting information,

respondent recommends that compensation be awarded as outlined below.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be

awarded $93,246.15 representing all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment of $93,246.15 in the form of a check payable to petitioner.

Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4099

Date: February 18, 2016.